POMALES, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

Appeal from a Decision of the Registrar of Property of Guayama.

No. 153.—Decided October 20, 1913.

APPEAL—ADMINISTRATIVE APPEAL—RECORD OF TITLE.—In the present case a certain deed of bargain and sale to a rural property was presented for the third time for record in the registry accompanied by new documents and the registrar again refused to admit it to record. An appeal was taken to this court for the third time and it was *Held:* That the deed having been presented accompanied by new documents and the registrar having considered the effect of said documents, this court could consider and decide the appeal on its merits.

RECORD OF TITLE—VACANT INHERITANCE—RECORD IN NAME OF HEIRS.—After examining the documents presented to the registrar by the appellant, it was held that they were insufficient to prove that this was a case of a vacant inheritance and therefore within the exception to the general rule which requires a previous record of the property composing the inheritance in the name of the heirs.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for appellant.

The acting registrar, *Mr. Luis Capó,* filed a brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In an action brought in the Municipal Court of Salinas by Maximino Pomales against the succession of Pedro García to recover the sum of $425 due from García to the plaintiff, judgment was rendered against the said succession for the amount claimed. A writ was issued to the marshal of said court for the execution of the judgment and a rural property of 28 *cuerdas* was sold thereunder to Pomales at public auction on March 15, 1913, for the sum of $100 in part payment of the amount recovered, the property being transferred by a deed of sale executed by the marshal before Notary Celestino Domínguez on the same date.

Upon being presented in the registry of property for record, the registrar refused to record the deed on two grounds, one being "because the property is not recorded in the name of the defendant succession."

An administrative appeal having been taken from the decision of the registrar, said decision was affirmed by this court on June 2, 1913, on the ground quoted. *Ante* p. 606.

The deed was presented in the registry a second time and the registrar again refused to record it. An appeal was taken from that decision and it was affirmed likewise by this court in its decision of June 28, 1913. *Ante* p. 899.

The said deed was presented in the registry for the third time, accompanied by certain documents tending to prove, as alleged by appellant, that the estate of the debtor, García, was a vacant inheritance and that therefore it was not necessary to record the property sold in the name of the heirs. The registrar again refused to record the deed, rendering the following decision from which this appeal was taken:

"Admission to record of the foregoing document is denied because the property is not recorded in the name of the defendant succession, for it does not appear from the accompanying documents that the estate of Pedro García is still a vacant inheritance and this is the only

case in which said previous record may be dispensed with. Guayama, August 5, 1913. The Registrar, Felipe Cuchí Arnau.''

The first thing to be decided is whether, in view of the circumstances of the case, we can consider this appeal on its merits.

If the same deed had been presented in the registry under the same conditions under which it was first presented, it is very clear that we could not consider on its merits the appeal now before us. But, as it appears from the entry of presentation and the decision appealed from that the deed was accompanied by other documents for the purpose of showing that the case came within the exception to the general rule which requires that a previous record be made in the name of the heirs, the circumstances have changed and for that reason we can and should decide the appeal on its merits.

Let us see whether the new documents presented show the case to be one of a vacant inheritance.

The said documents are three, as follows: (1) A certificate of the secretary of the Municipal Court of Salinas certifying that the action of debt referred to in the first part of this opinion was brought by ''Maximino Pomales Navarro, plaintiff, against the succession of Pedro García and Carmen Colón, his widow, said succession being composed of their children Inocencia, Vicenta, Fabiana, Silvestre and Bibiana, in their own right and as heirs of their brother Lázaro, who died without issue, and against the succession of Bernardo García y Colón, composed of his children Julio, Juana, Gregoria and Gregorio García y Díaz, defendants;'' that the said defendants were personally summoned; that judgment was rendered against them by default; that notice of the judgment was served on them by mail; that the sale of the property under execution was duly advertised, and that the said defendants at no time took any steps in the case. (2) A certificate of the secretary of the district court certifying that no proceedings to secure a designation of heirs had been instituted in said court

by any of the persons named in the petition for the certificate and that they are the same persons who appear as defendants in the suit brought in the Municipal Court of Salinas. (3) An affidavit of Inocencio García deposing that neither he nor any of his brothers had made any attempt to take possession of the inheritance left by his father, who died about seven years before, or of that of his mother, because they all recognized the correctness of Pomales' claim, the amount of which exceeded the value of the property.

Therefore, after examining the documents presented it is necessary to conclude that they do not establish conclusively the facts attempted to be proven by them. On the contrary, they show that Pedro García, Pomales' debtor, died several years before the institution of the suit which gave rise to the deed of March 15, 1913; that he left property consisting at least of the farm sold; that nothing whatsoever has been indicated in regard to the possession of the said property during a period of about seven years, from which fact it must be inferred that it was held and used by his heirs; that the creditor waited said seven years before attempting to collect his debt and then instituted proceedings against the succession of García and not against the vacant inheritance, and that although it does not appear that the heirs of García expressly accepted the inheritance, neither is it shown that they renounced or repudiated the same in any legal manner.

Consequently the conditions surrounding the case are the same as when it was first presented to this court and it should be governed by the principles set forth in the opinion delivered by Mr. Chief Justice Hernández on June 2, 1913, in deciding that appeal. *Ante* p. 606.

The appeal is dismissed and the decision appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.